UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEO DEVELOPMENT, LLC, et al.,<br><br>                Plaintiffs,<br>    v.<br><br>GORDON THOMAS<br>HONEYWELL, LLP, et al.,<br><br>                Defendants. | CASE NO. C18-1551JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

The court has reviewed Plaintiffs SEO Development, LLC, Ann Anderson, and Edwin Xavier Vicioso's (collectively, "Plaintiffs") complaint (Compl. (Dkt. # 1)) and finds that Plaintiffs do not plead facts that demonstrate the court's subject matter jurisdiction.

Plaintiffs assert that the court's subject matter jurisdiction is based on diversity of citizenship. (*Id.* ¶¶ 35-41.) Defendant Gordon Thomas Honeywell, LLP ("Gordon Thomas"), is a law firm apparently organized as a limited liability partnership. (*See id.*

¶ 38.) For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members or partners of a limited liability partnership. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *Guaranty v. Nat'l Title Co.*, 101 F.3d 57, 59 (7th Cir. 1996) ("To determine the citizenship of the [limited liability partnership], we need to know the name and citizenship(s) of its general and limited partners."); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990) (treating a limited partnership as having the citizenship of all its members); *see also* Local Rules W.D. Wash. LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the complaint must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC), a limited liability partnership (LLP), or a partnership, identify the citizenship of the owners/partners/members of those entities to establish the court's jurisdiction."). Plaintiffs allege that Gordon Thomas "has the citizenship of Washington for diversity purposes." (Compl. ¶ 38.) However, Plaintiffs do not allege the domicile of Gordon Thomas's members or partners. (*See generally id.*) Accordingly, the court cannot conclude that it has subject matter jurisdiction over this action.[1]

---

[1] Although Plaintiffs have the burden of establishing grounds for diversity jurisdiction, the court also has the obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue *sua sponte* if necessary. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)); *accord United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004) ("The [c]ourt 'ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction.'" (quoting *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999))).

The court ORDERS Plaintiffs to SHOW CAUSE within fourteen (14) days of the filing of this order why its complaint should not be dismissed for lack of subject matter jurisdiction. To the extent Plaintiffs' response alters the allegations in its complaint, Plaintiffs must amend their complaint accordingly. If Plaintiffs fail to timely and adequately comply with this order, the court will dismiss the case without prejudice and without leave to amend.

Dated this 8th day of November, 2018.

JAMES L. ROBART
United States District Judge